**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JASMINE MORALES,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK HOUSING AUTHORITY, *et al*.,<br><br>Defendants. | No. 26-cv-2592<br><br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is *pro se* plaintiff Jasmine Morales's ("Plaintiff") motion for a temporary restraining order ("TRO") and a preliminary injunction ("PI"). ECF No. 2 ("Mot."). For the reasons stated below, the Court will deny Plaintiff's request for temporary and preliminary injunctive relief.

On March 17, 2026, Plaintiff filed (1) a complaint against the Newark Housing Authority ("NHA"), Antoinette Howard, Kathy Waters-Grant, Kamisha Fairley, and Cedric Davis (collectively, "Defendants") and (2) a motion for temporary and preliminary injunctive relief. ECF No. 1 ("Compl."); Mot. In the complaint, Plaintiff alleges that she has a "disability and resides in an accessible housing unit" operated by NHA. Compl. at 3–4, 21. Plaintiff alleges that she "filed grievances and complaints" against NHA, including through the U.S. Department of Housing and Urban Development. *Id.* at 4. Plaintiff also claims that she "participat[ed] in a grievance hearing on January 16, 2026." *Id.*

According to Plaintiff, Defendants retaliated against her for filing grievances and complaints, including by (1) engaging in "[h]ostile and unprofessional" behavior and (2) delaying or denying "interim recertification" based on her recent loss of income, which would have reduced her rent accordingly. *Id.* at 5–6. Additionally, Plaintiff claims that NHA "maintenance staff

unlawfully disclosed Plaintiff's confidential grievance" and other information. *Id.* at 4. And finally, she alleges that Defendants "issued a Notice to Quit demanding payment of" her outstanding "rent balance"—presumably the difference between Plaintiff's previous rent and the reduced rent she applied for because of her loss of income. *Id.* at 5, 8. Based on these allegations, Plaintiff brings claims under the Fair Housing Act, the Rehabilitation Act of 1973, and 42 U.S.C. § 1983. *See id.* at 12–18. She seeks damages as well as declaratory and injunctive relief. *Id.*

Plaintiff's motion for temporary and preliminary injunctive relief repeats these allegations. *See* Mot. at 1–3. She also argues that "[i]f eviction proceeds, [she] and her children may" "lose housing" and "face homelessness." *Id.* at 2–3. As such, Plaintiff asks the Court to issue a TRO and PI "preventing eviction," "[p]rohibit[ing] Defendants from [further] retaliating against" her, "[p]reserving all records related to Plaintiff's tenancy," and "[s]chedul[ing] an expedited hearing." *Id.* at 3.

The Court will deny Plaintiff's request for injunctive relief. First, Federal Rule of Civil Procedure 65 provides that a court may not issue a TRO "without written or oral notice to the adverse party" unless, among other things, "the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has not done so. Therefore, the Court cannot issue a TRO. *See Scott v. Fam. Dollar Stores*, No. 20-773, 2020 WL 7296780, at *4 (W.D. Pa. Dec. 11, 2020) (noting that the "[f]ailure to comply with the requirements of Federal Rule of Civil Procedure 65 is grounds alone to deny" a TRO motion); *see also Khalfani v. Way*, No. 24-7749, 2024 WL 4366916, at *3 (D.N.J. Oct. 1, 2024) ("[F]ederal courts across the country have held that a plaintiff's *pro se* status does not permit him to evade Rule 65's requirements.").

Second, TROs and PIs are "'never awarded as of right,' but rather . . . involve[] the exercise of 'equitable discretion.'" *Transcon. Gas Pipe Line Co. v. Pa. Env't Hearing Bd.*, 108 F.4th 144, 150 (3d Cir.) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 32 (2008)), *amended on denial of reh'g*, 110 F.4th 612 (3d Cir. 2024). In exercising this discretion, the Court considers the following four factors: "(1) the [movant's] likelihood of success on the merits; (2) the [movant's] risk of irreparable injury absent preliminary relief; (3) the balance of equities; and (4) the public interest." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024). If the movant fails to show either of the first two factors, the Court may not issue injunctive relief. *Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020).

Here, Plaintiff has not satisfied her burden on irreparable harm for two reasons. First, Plaintiff has failed to meet her evidentiary burden. Movants seeking preliminary injunctive relief "must establish [their] entitlement to relief by clear evidence." *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018); *see also Golden Fortune Imp. & Exp. Corp. v. Mei-Xin Ltd.*, No. 22-1710, 2022 WL 3536494, at *5 (3d Cir. Aug. 5, 2022). Here, Plaintiff failed to submit any evidence in support of her motion. Therefore, the Court cannot provide her with the "extraordinary remedy" she seeks. *Reading v. N. Hanover Twp., New Jersey*, 124 F.4th 189, 195 (3d Cir. 2024); *see Del. State Sportsmen's Ass'n*, 108 F.4th at 205 (explaining that litigants requesting preliminary injunctive relief must support their requests with more than "scant evidence"); *Harrison v. Little*, No. 22-105, 2023 WL 402011, at *3 (W.D. Pa. Jan. 3, 2023) ("Harrison has not provided the Court with any information to corroborate her claims of imminent risk of irreparable harm."), *report and recommendation adopted sub nom. Harrision v. Little*, No. 22-105, 2023 WL 417877 (W.D. Pa. Jan. 25, 2023); *Rann Pharmacy, Inc. v. Shree Navdurga LLC*,

3

No. 17-1893, 2017 WL 2442975, at *4 (E.D. Pa. June 6, 2017) ("The Court cannot issue a preliminary injunction against Defendants without evidence satisfying the 'threshold' factor of irreparable harm.").

Second, even putting aside this evidentiary issue, Plaintiff's allegations fail to detail any "imminent" irreparable harm. *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018). For instance, Plaintiff alleges that she will be irreparably harmed by "eviction," because she and her children "could lose housing." Mot. at 2–3. However, Plaintiff does not specify when eviction may occur. In addition, Plaintiff asks the Court to "[p]rohibit Defendants from [further] retaliating against" her and "[p]reserve all records related to [her] tenancy." *Id.* at 3. But Plaintiff does not explain when any additional retaliation or the destruction of records may occur. Therefore, her allegations of irreparable injury are "merely speculative." *Moneyham*, 723 F. App'x at 92; *see, e.g.*, *Macchione v. Coordinator Adm'r in Wash., D.C.*, 591 F. App'x 48, 50 (3d Cir. 2014) (affirming the denial of a preliminary injunction where plaintiff "provided no detailed factual allegations" to support his claims of irreparable harm); *Everett v. Hous. Auth. of City of Shamokin*, No. 13-1515, 2013 WL 12303483, at *12 (M.D. Pa. Nov. 1, 2013) (finding that plaintiff failed to show irreparable harm where "she merely speculate[d] that . . . she may be evicted at some unknown time in the future").

Accordingly, **IT IS** on this 18th day of March 2026;

**ORDERED** that Plaintiff's motion for temporary and preliminary injunctive relief (ECF No. 2) is **DENIED** without prejudice.

**SO ORDERED**.

/s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

4